Rex F. Barnes, Respondent, *v.* Torrence G. Royer and The Pontiac Auto Transport Company, Inc., Appellants.

Judgment and order reversed on the law and facts and new trial granted, with costs to the appellant to abide the event.

McNamee, Crapser and Bliss, JJ., concur; Heffernan, J., dissents, with an opinion, in which Hill, P. J., concurs.

Heffernan, J. (dissenting). Defendants have appealed from a judgment in plaintiff's favor in an action to recover damages for personal injuries sustained by plaintiff because of the alleged negligence of defendants.

At above five o'clock in the morning of December 1, 1935, plaintiff was riding as a passenger in a motor truck owned and driven by one Crinklaw. The truck was being operated southerly on a two-strip cement highway connecting the hamlet of Brainardsville and the village of Chateaugay. The morning was dark, snow was falling and the highway was covered with several inches of snow and was very slippery. At Brainardsville the Crinklaw truck collided with a north-bound truck, to which was attached a trailer, owned by the corporate defendant and driven by the codefendant. As a result of the collision plaintiff was injured.

The evidence is conflicting as to the negligence and contributory negligence of the drivers of the respective vehicles. The jury has resolved those questions in plaintiff's favor and on the proof contained in the record we would not be warranted in holding that the findings are so overwhelmingly against the weight of the evidence that they should be set aside. An appellate court is not inclined to upset the verdict of a jury unless it is reasonably certain that such verdict is the result of passion, prejudice, sympathy or other improper influence. The learned counsel for defendants earnestly contends that the judgment under review must be reversed because, as he asserts, the trial judge submitted the case to the jury on an erroneous interpretation of law, committed serious error in his charge and in declining to charge certain requests of defendants.

In the course of his charge the learned trial judge properly instructed the jury that plaintiff was required to establish his own freedom from negligence before he was entitled to a favorable verdict. The court also said: " If you find that Crinklaw was guilty of negligence and the defendants were also guilty of negligence then the plaintiff may recover." Defendants excepted to this statement and thereupon the court said: " Well, if Crinklaw was guilty of negligence and also the defendants were guilty of negligence and the plaintiff was free from negligence there may be a recovery, no matter what the degree of negligence may be. It may have been one per cent on the part of Crinklaw and 99 per cent on the part of the other, or it might be *vice versa*." Defendants also excepted to this comment of the court. Defendants' counsel requested the court to give the following instructions to the jury, which the court declined to do and to which rulings defendants excepted: " Mr. Genaway: I ask your Honor to charge that a car used in and for the purposes of another or for his business or about his affairs is being used by his agent and he is responsible for the negligence of the agent. The Court: Well,

this was not a joint enterprise from the evidence. Mr. Genaway: I request the Court to charge that if the jury finds that the car was being used for the purposes of the plaintiff then they must find that the negligence of the driver was the negligence of the plaintiff."

In order to intelligently comprehend the legal question involved in the discussion concerning the court's charge it is absolutely necessary to ascertain the relation which existed between plaintiff and Crinklaw, the driver. Defendants assert that Crinklaw was either the agent or servant of plaintiff at the time of the accident. The testimony is undisputed as to the character of the arrangement between plaintiff and the owner of the truck. It is conceded that plaintiff and Crinklaw were neighbors and that friendly relations existed between them for many years. Several days prior to the accident plaintiff informed Crinklaw that he had inherited certain articles of personal property and that such property was located at Lowell, Mass. Thereupon Crinklaw, the owner of the truck in question, offered to drive plaintiff to Lowell and to transport plaintiff's property from that place to Bangor, N. Y. Crinklaw testified that he was to receive no compensation for his services. On cross-examination plaintiff said that " he thought he probably would offer to pay " for gas when necessary to refuel. There was no discussion whatever between plaintiff and Crinklaw as to what consideration, if any, the latter was to derive from the expedition. It is admitted that the sole purpose of the trip was to transport property of plaintiff from Lowell to Bangor. With this purpose in view Crinklaw and his truck arrived at plaintiff's home at four o'clock on the morning of the accident. With Crinklaw driving and plaintiff seated beside him the fateful journey to Lowell began. An hour later it ended in disaster.

Upon these facts does it necessarily follow that Crinklaw was plaintiff's agent or servant? The consent of both parties is necessary to create agency. (*Sternaman* v. *Metropolitan Life Ins. Co.*, 170 N. Y. 13.) As between principal and agent, an agency is created and authority is actually conferred very much as a contract is made, to the extent that the creation results from the agreement between the principal and agent that such a relation shall exist. The minds of the parties must meet in establishing the agency. Otherwise stated, consent of both principal and agent is necessary to create an agency. The principal must intend that the agent shall act for him, the agent must intend to accept the authority and act on it, and the intention of the parties must find expression either in words or conduct between them. (2 Am. Jur. Agency, § 21.) Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act, (Am. Law Inst. Restatement Agency, § 1, p. 7.) The distinction between principal and agent and master and servant is very difficult to define; the two relations are essentially similar and the real difference between them may be said to be one of degree only. While the terms may be and sometimes are used interchangeably in a general sense applying to all persons in the service of another, and the principles governing the rights, duties and liabilities growing out of the two relations are, for the most part, the same, the agent, it has been said, is employed in a capacity superior to that of the servant, being entitled, in general, to use his discretion as to the means to accomplish the end for which he is employed, while the servant is directed by the master, not only as to what is to be done, but how it shall be done. (2 C. J. S. Agency, § 2.) Where no control is given the relationship of principal and agent cannot exist. (Am. Law Inst. Restatement Agency, § 14, p. 47; *Adams,*

*Inc.*, v. *Thayer*, 85 N. H. 177; 156 A. 697; *Harmount & Woolf Tie Co.* v. *Baker*, 251 Ky. 795; 66 S. W. [2d] 45.)

Applying these principles to the facts before us it is very clear that neither the relation of master and servant nor principal and agent existed between plaintiff and Crinklaw. The latter was performing a gratuitous service for the former. The plaintiff had no control of the vehicle nor of the driver in its management. He was not responsible for the driver's acts and had no authority to direct them. (*Robinson* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 11.) He had no right to control the driver's conduct by reasonable instructions and hold him liable if he violated them. We are not prepared to hold that one who merely secures from another the favor of transportation in a private vehicle and who has no part in its management or operation takes upon himself the risk of the driver's negligence *en route*. We are unable to find any legal principle upon which to impute to the plaintiff the negligence of Crinklaw.

Defendants have pressed upon us cases arising in other jurisdictions which they contend sustain their position. We have examined those authorities and they are distinguishable from the facts in the case at bar.

We are satisfied that the trial judge correctly instructed the jury on the law, and the judgment and order appealed from should be affirmed, with costs.

Hill, P. J., concurs.